# SUPERIOR COURT
#### OF THE
# STATE OF DELAWARE

**FERRIS W. WHARTON**
*JUDGE*

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DE 19801-3733
PHONE: (302) 255-0657
FAX: (302) 255-2273

January 3, 2023

Matthew B. Frawley, Esquire
Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington, DE 19801

Patrick J. Collins, Esquire
Collins & Price
8 East 13th Street
Wilmington, DE 19801

Re:    **State v. Terrell Mobley**
          **ID# 1906003128A/B**

*Upon Defendant's Motion to Compel*
**DENIED.**

*Upon Defendant's Motion for Partial Reargument*
**DENIED.**

Dear Counsel:

Trial in the above case ended in a mistrial when the jury was unable to arrive at a unanimous verdict. After trial, the Defendant moved to compel production of *Brady* material related to Cpl. Leonard Moses of the Wilmington Police Department ("WPD"). Of the three police officers involved in the Defendant's arrest, Cpl. Moses was the only one who testified at trial. The Court sent a letter to counsel on December 16, 2022 addressing issues raised by the Motion, but not resolving it. Specifically, it directed the State to review Cpl. Moses' personnel for *Brady* material and report the result of that review to the Court and counsel.

The Defendant then moved for partial reargument of what he perceived to be the Court's ruling in that letter regarding the Motion to Compel. The Court wrote counsel on December 22nd stating that it was not the Court's intention to rule on the

Motion in its letter of December 16th. Rather, by ordering the State to review Cpl. Moses' personnel file, the Court was seeking further information that it felt might be helpful in deciding the Motion to Compel. To that end, the Court stated that it would take such action as it deemed appropriate following the State's report.

In the Court's letter of December 22nd, it directed the State to review its response to the Court's December 16th letter and its response to the Motion to Compel in light of the Defendant's belief that the State was misunderstanding *Brady*. The State responded on December 28th and reports that Cpl. Moses' personnel file does not contain any material consistent with Mobley's position that Cpl. Moses' conduct in *State v. Daryus Whittle*[1] is *Brady* material. The State also reiterates its representation in its response to the Motion to Compel that it has conducted a review and was unable to discover any case where Cpl. Moses swore out an affidavit and/or testified in a matter which was or later determined to be false, deceptive, or misleading.

The Motion to Compel alleges that Cpl. Moses provided false information in the probable cause affidavit and testified falsely at the preliminary hearing in *Whittle*. The Defendant seeks to have the Court order the State to produce: (1) all communications of any kind between the prosecutor in *Whittle* or anyone at the Department of Justice ("DOJ") and the Wilmington Police after the trial judge in Whittle expressed his "hope" that the prosecutor would bring Cpl. Moses' testimony to the attention of his superiors;[2] (2) all materials and communications from the WPD with Cpl. Moses after the prosecutor made his report; (3) all communications within the DOJ regarding Cpl. Moses' affidavit and testimony specifically and Cpl. Moses' credibility generally; and (4) disclosure of any other case in which Cpl. Moses has

---

[1] ID No. 1607000578.

[2] The Court noted in its letter on December 16th that the Motion states that the prosecutor was "ordered" to report Cpl. Moses to his superiors, but the actual language the trial judge used was, "…and because of the circumstances of the Court of Common Pleas testimony which, by the way …, I hope as an officer of this court you are going to bring to the attention of that officer's superiors.) Prelim. Hrg. Tr. (Feb. 7, 2017) at 61:15-18, Ex. C., Mot. to Compel. In his Motion for Partial Reargument, the Defendant attempts to explain to the Court how a Delaware lawyer would understand the trial court's comment. That explanation nis unnecessary. What the Court was doing in its letter was accurately quoting the trial judge, which the Motion to Compel did not, in order to properly represent the *Whittle* record.

2

sworn to affidavits and/or testified in a false, deceptive, or misleading manner.

The State opposes the motion. It takes the position that a review of the record in *Whittle* does not support the claim that Cpl. Moses either swore falsely in the affidavit of probable cause or testified falsely in the preliminary hearing. It represents that after diligent inquiry, it is unaware of any other cases in which Cpl. Moses swore to affidavits and/or testified in a manner which was or which was later determined to be false, deceptive, or misleading. The State reaffirmed this representation in its letter dated December 28th. As to internal communications or materials within the DOJ and the WPD the State deems this a request for privileged material for which the Defendant has not established the necessary factual predicate for disclosure under *Snowden v. State*.[3]

In its letter to counsel, the Court observed that the Defendant made no effort to justify his specific requests for the Court to compel production of communications between the *Whittle* prosecutor and Cpl. Moses' superiors at WPD, communications between WPD and Cpl. Moses related to any report to WPD by the *Whittle* prosecutor, or communications within the DOJ regarding Cpl. Moses' credibility. Additionally, after discussing *Snowden,* the Court ordered the State to review Cpl. Moses' personnel file and report the results to the Court and defense counsel. The defendant does not seek reargument of this direction to the State, acknowledging that it addresses his request for actions and communications between WPD and Cpl. Moses including any disciplinary actions, reports, and communications of any kind.

It now appears that only two of the items the Defendant seeks to compel the State to produce remain in dispute. They are communications between the trial prosecutor in *Whittle* and anyone else at DOJ and WPD regarding Cpl. Moses' conduct in that trial and communications within the DOJ regarding Cpl. Moses' credibility both in connection with *Whittle* and generally.

As mentioned, the Court noted in its December 16th letter that the Defendant made no effort in his Motion to Compel to justify these specific requests. In his Motion for Partial Reargument, the Defendant argues that his requests were very specific - indeed, they were as specific as possible.

The Defendant misses the point of the Court's observation. The Court stated

---

[3] 672 A.2d 1017, 1023-24 (Del. 1996).

that the Defendant made no effort to *justify* his *specific* requests and cited no authority for production of the items he sought *in particular*. The Court did not say the requests lacked specificity. It said the Motion lacked any rationale why those *particular* items should be produced. In other words, the Motion did not explain why peripheral, secondary evidence in the form of communications between others in the DOJ and WPD about what Cpl. Moses had said or written in *Whittle* were material when the primary impeaching evidence – the affidavit and testimony - was already in the Defendant's possession.

In his Motion for Partial Reargument, the Defendant attempts to make that effort. He argues that "Moses' conduct in *Whittle* is classic impeachment evidence." Fair enough. But the Defendant already possesses that "classic impeachment evidence." He knows about all of Cpl. Moses' conduct in *Whittle.* The Defendant also states that defense counsel argued in the Motion to Compel that "the materials once produced would be used to impeach Moses at the retrial." No, he did not. Defense counsel made that argument about the *Whittle* affidavit and testimony. He made no such argument about the additional materials he wants the State to produce now.

The closest the Defendant comes to expressing a reason for producing the remaining items he seeks is found for the first time in his partial reargument motion where he states, "The materials may be used to refresh recollection, to confront with a prior inconsistent statement, or other means of impeachment." The Court is not persuaded. The Defendant has Cpl. Moses' affidavit and testimony to confront him with a prior inconsistent statement and to refresh his recollection should his memory of them falter at trial.[4] Citing unspecified "other means of impeachment" adds nothing to the argument.

Accordingly, the Court finds that the Defendant has not articulated a basis for the Court to compel the State to produce either: (1) all communications of any kind between the *Whittle* prosecutor or anyone at the DOJ and the Wilmington Police after the *Whittle* prosecutor was ordered [sic] to report Cpl. Moses to his supervisors; or (2) All communications of any kind within the DOJ regarding Cpl. Moses' affidavit and testimony in the Whittle case specifically and Cpl. Moses' credibility

---

[4] The Defendant does not explain how he might confront Cpl. Moses with someone else's prior statement inconsistent with his own as a prior inconsistent statement of Cpl. Moses.

as a witness generally.  Therefore, the Defendant's Motion to Compel *Brady* material is **DENIED.**  It goes without saying, of course, that the State is under a continuing duty to produce any *Brady* material it discovers, including, but not limited to, such material related to Cpl. Moses.

The Defendant's Motion for Partial Reargument was filed before the Court ruled on the Defendant's Motion to Compel.  Therefore, the Motion for Partial Reargument is **DENIED** as untimely.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton
Judge

oc:    Prothonotary

5